## In re GARMAN.
### No. 20248.

District Court, W. D. Pennsylvania.
Oct. 20, 1938.

John S. Powers, of New Castle, Pa., for petitioner.

Kenneth M. McLure, of New Castle, Pa., conciliation commissioner.

Hugus, Caldwell & McFate, of New Castle, Pa., for mortgagee creditor Emma R. Cooper.

McVICAR, District Judge.

In the matter of John Garman, debtor, John Garman, farmer, filed a petition under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, now being chapter 8 thereof. He attached schedules to his petition showing liabilities in the sum of $2,715.95 and assets of $7,695. He stated in his petition that he was unable to meet his debts as they mature and that he desired to effect a composition or extension of time with his creditors. The petition was referred to a Conciliation Commissioner. A meeting of creditors was duly called before the Conciliation Commissioner, at which time the farmer made an offer for the purpose of rehabilitation, that the time of payment of all his debts, secured or unsecured, be extended for one year. This offer was not accepted by the farmer's creditors and such fact was duly certified to this Court by the Conciliation Commissioner.

Emma R. Cooper, mortgagee creditor in the sum of $1,200, filed a petition praying that the petition of the farmer for composition or extension of time be dismissed and that an order restraining her from proceeding with the sale of real estate of the farmer on a writ of execution issued by her be vacated. The farmer filed a petition under Section 75(s), 11 U.S.C.A. § 203(s), setting forth that he was unable to obtain the acceptance of the majority in number and amount of all creditors to his extension proposal and prayed that he be allowed to amend his petition and that he be adjudged a bankrupt. A hearing was duly held on these petitions.

The question for decision now is, under the facts as aforestated, whether the original petition of the farmer should be dismissed or whether he should be allowed to amend the same under section 75(s). Section 75(e), 11 U.S.C.A. § 203(e), provides that the Conciliation Commissioner shall call a meeting of creditors, stating in the notice that the farmer proposes to offer terms of composition or extension. The Conciliation Commissioner shall, after hearing the parties in interest, fix a reasonable time within which application for confirmation shall be made. Paragraph (g) of the same section, 11 U.S.C.A. § 203(g), provides that an application for the confirmation of an extension proposal may be filed in the Court of Bankruptcy after, but not before, it has been accepted in writing by a majority in number of all creditors whose claims have been allowed, including secured creditors whose claims are affected. General Order 50, Rule 7 of the Supreme Court, 11 U.S.C.A. following section 53, provides that the judge shall fix a date and place for a hearing before him upon the application for confirmation. Paragraph (s) of Section 75 provides that any farmer failing to obtain the acceptance of a majority in number and amount of all creditors whose claims are affected by a composition or extension proposal may amend his petition by asking to be adjudged a bankrupt.

These sections control the disposition of the question now before us. The farm-

er presented his original petition under Section 75. He made an offer of extension which was not accepted by his creditors. He then asked to be adjudged a bankrupt under paragraph (s) of said section.

Paragraph (i) of section 75, 11 U.S.C.A. § 203(i), provides that the Court shall confirm the proposal, provided that it is satisfied that certain facts exist but it has no application to a case where there was not an acceptance of the proposal. As a matter of fact, the Court did not have any hearing under this paragraph because there was no occasion therefor.

The petition of Emma R. Cooper, aforesaid, is dismissed and the petition of the farmer under paragraph (s) is allowed.